IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02406-WDM-BNB

ANTHONY OWENS,

Petitioner,

v.

JOE ORTIZ, Exec. Director, Colo., DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.
_____

**ORDER**
_____

This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (the "Application") filed by the petitioner on December 19, 2005, and the Answer to Application for Writ of Habeas Corpus (the "Answer") filed by the respondents on February 27, 2006.

Claim Two of the Application alleges that the petitioner's Sixth Amendment and due process rights were violated when the trial court barred cross-examination concerning an "incident of overt witness tampering" which critically affected the reliability of the identification procedure. *Application*, p. 6A. The respondents assert that the petitioner has not exhausted his available state remedies as to Claim Two because he presented the claim to the state supreme court, but not the state appellate court. *Answer*, p. 11.

My review of the record reveals that the petitioner presented Claim Two to the state appellate court as a part of his due process claim regarding a defective identification procedure.[1] Id. at Exhibit A, pp. 11-13.  Indeed, the appellate court addressed the claim on direct appeal.  Id. at Exhibit D, pp. 7-8.  Therefore, Claim Two has been exhausted, and the Application may be granted if the state's adjudication of the claim (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

The respondents, however, have not briefed Claim Two.  Accordingly,

IT IS ORDERED that on or before **May 7, 2007**, the respondents shall submit additional briefing on the following issues:

1.  Whether the state courts' adjudication of Claim Two resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States and in light of Dunnigan v. Keane, 137 F.3d 117, 128 (2d Cir.1998); United States v. Bouthot, 878 F.2d 1506, 1515-16 (1st Cir.1989); and Thigpen v. Cory, 804 F.2d 893, 895 (6th Cir.1986);

2.  Whether the state courts' adjudication of Claim Two resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding;

---

[1] Insofar as Claim Two asserts violations of constitutional rights other than due process rights, the claim is not exhausted, is procedurally defaulted, and is inappropriate for habeas review.

3.  Whether the incident described in Claim Two rendered the identification procedure impermissibly suggestive; and

4.  Whether the identification was reliable independent of an impermissibly suggestive identification procedure under the factors identified in Neil v. Biggers, 409 U.S. 188,199-200 (1972).

IT IS FURTHER ORDERED that on or before **May 7, 2007**, the respondents shall provide the Court with the **complete** record from the state courts.

IT IS FURTHER ORDERED that the petitioner shall have until **June 7, 2007**, to respond to the respondents' additional briefing on Claim Two.

Dated April 5, 2007.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge